Thomas v. O'Brien

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of November, two thousand thirteen.

PRESENT:
      ROBERT A. KATZMANN,
            *Chief Judge,*
      PIERRE N. LEVAL,
      ROSEMARY S. POOLER,
            *Circuit Judges.*

_____

GREGORY THOMAS,

        *Plaintiff-Appellant*,

      v.                                     12-1354

JAMES O'BRIEN, Syracuse Police Officer, GARY MAGIL, Syracuse Police Chief, DADEY, Officer, CUNNINGHAM, Officer, RATHBUN, Sgt.,

        *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT**:**      Gregory Thomas, *pro se*, Ray Brook, N.Y.

FOR DEFENDANTS-APPELLEES**:**    Shannon T. O'Connor and Joseph Robert Harris Doyle, City of Syracuse Office of the Corporation Counsel, Syracuse, N.Y.

Appeal from a judgment of the United States District Court for the Northern District of New York (Peebles, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Gregory Thomas, proceeding *pro se*, appeals the district court's judgment for Appellees following a jury verdict in their favor on his 42 U.S.C. § 1983 claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews a district court's evidentiary rulings for abuse of discretion. *See SR Int'l Bus. Ins. v. World Trade Ctr. Props., LLC*, 467 F.3d 107, 119 (2d Cir. 2006). A district court abuses its discretion if it: (1) bases its ruling on an erroneous view of the law; (2) makes a clearly erroneous assessment of the evidence; or (3) renders a decision that cannot be located within the range of permissible decisions. *See In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008).

Here, the magistrate judge did not abuse his discretion in granting the Appellees' motion *in limine* to exclude evidence regarding the dismissal of Appellant's state court criminal charges and its suppression ruling, as it found that, under Federal Rule of Evidence 403, the evidence, although somewhat probative, was substantially outweighed by its prejudicial value and potential to confuse the jury. The magistrate judge properly considered the proposed evidence in light of Rule 403. His finding that a jury could be confused, and defendants highly prejudiced, by testimony and evidence relating to the state court's prior conclusion that Thomas's Fourth Amendment rights were violated, is not erroneous. Appellant's Section 1983 lawsuit, alleging excessive force and Fourth Amendment violations, presents a different case between different parties, and as such, there was no abuse of discretion. *Cf. United States v. Viserto*, 596 F.2d 531,

537 (2d Cir. 1979) (explaining that others courts' judgments in cases with different parties may prompt improper inferences).

Contrary to Appellant's assertions on appeal, the record does not reflect that the magistrate judge expanded the ruling on the motion *in limine* during trial. In both its oral decision and written order granting the motion, the magistrate judge made clear that its ruling excluded only evidence relating to the dismissal of the charges and suppression of cocaine. During the hearing on the motion, the magistrate judge specifically noted that Appellant's counsel would be able to use the defendants' testimony during the state court suppression hearing for impeachment purposes.

"[A] party is not entitled to challenge on appeal the sufficiency of the evidence to support the jury's verdict on a given issue unless it has timely moved in the district court for judgment as a matter of law on that issue." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 164 (2d Cir. 1998). This requirement will only be waived if necessary to prevent manifest injustice. *Id.* Moreover, this Court "may correct an error below despite the lack of a timely request in the district court if the issue is purely legal and no fact finding is required." *Meacham v. Knolls Atomic Power Lab*, 381 F.3d 56, 69 (2d Cir. 2004), *vacated on other grounds sub nom. KAPL, Inc. v. Meacham*, 544 U.S. 957 (2005). However, we rarely disturb the credibility determinations made by the jury during trial. *See Dunlap-McCuller v. Riese Org*., 980 F.2d 153, 158 (2d Cir. 1992); *see also Meacham*, 381 F.3d at 69 (reviewing a district court's denial of a judgment as a matter of law and stating that "[n]either the district court nor this [C]ourt can set aside the jury's credibility findings . . .based on evidence the jury was entitled to discredit").

Here, Appellant's counsel did not move for judgment as a matter of law prior to or following the jury's verdict, and, therefore, his challenges to the jury's verdict are waived.

3

Moreover, given that there was testimony to support the jury's findings, we find that failure to further review the jury's verdict would not result in manifest injustice. Since Appellees' testimony conflicted with Appellant's, the jury was required to make a credibility determination, which we see no basis for disturbing. We have considered all of Appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk